**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

DERRICK Z. SMITH,

Plaintiff,

v.

GUY BOSCH, *Acting Warden of MCF - Stillwater*

Defendant.

Civil No. 20-1163 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER**

---

Erik Money, Joseph T. Dixon, III, and William T. Wheeler, **FREDRIKSON & BYRON, PA**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, for plaintiff.

Jean E. Burdorf, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Suite A-2000, Minneapolis, MN 55487; Edwin W. Stockmeyer, III and Matthew Frank, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for defendant.

Respondent Guy Bosch appeals Magistrate Judge David Schultz's order finding that the record is incomplete and also appeals the order for the parties to submit additional documents, evidence, and supplemental briefing. Derrick Smith petitions the Court for a writ of habeas corpus, claiming that the prosecutors' last-minute disclosure of potentially exculpatory evidence prior to his trial violated his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). Smith asks the Court to vacate his conviction and order a new trial. In reviewing Smith's habeas petition (the "Petition"), the Magistrate Judge

concluded that the record before the Court was insufficient to support a recommendation. Because further briefing is appropriate, the Court will affirm the Magistrate Judge's order.

## BACKGROUND

### I. FACTUAL BACKGROUND

Derrick Smith was convicted of aiding and abetting first and second-degree murder. *State v. Smith*, 932 N.W.2d 257, 263 (Minn. 2019). In late 2016, Smith allegedly devised a plan to rob Richard Ambers with three co-conspirators. *Id.* at 262. The plan derailed and Ambers was murdered by one of Smith's co-conspirators. *Id.* at 262–63. While Smith did not fire the gun, the prosecution argued that he was the ultimate "shot caller" in the operation or, in other words, the leader. (Resp. Order to Show Cause, Ex. 2, at 50, June 16, 2020, Docket No. 17-2.)[1]

In June 2017, six months prior to trial, Smith requested the recordings of several calls he made from jail in December and January of 2016 and 2017. *Smith*, 932 N.W.2d at 263. Prosecutors did not turn over the recordings until mid-December 2017 and Smith's attorney did not discover that the calls were available until December 27, 2017—just six days prior to trial. *Id.* The disclosure contained approximately seventy-five hours of recordings. *Id.* On the first day of trial, Smith motioned for a continuance to review the

[1] All page citations are to the ECF page number assigned by the Court.

jail-call recordings. *Id.* The motion was denied, and Smith's attorney was instructed to renew the motion after jury selection if he found any exculpatory evidence in the recordings. (Decl. of Sebastian Mesa-White at ¶ 5, May 12, 2021, Docket No. 35.) The next week, after reviewing roughly eight hours of the recordings, Smith's attorney renewed the motion. (*Id.* at ¶ 6.) The trial court again denied the motion and Smith was convicted. *Smith*, 932 N.W.2d at 263–64.

Smith appealed his conviction to the Minnesota Supreme Court, arguing, among other things, that the trial court abused its discretion in denying his motion for a continuance to review the recordings. (Resp. Order to Show Cause, Ex. 2, at 13.) In his argument before the state court, Smith stated that he believed the "calls contained *Brady* material" that "would have undercut the State's theory that Smith aided and abetted [his co-conspirator] in shooting Ambers." (*Id.* at 47, 50.) In particular, Smith pointed to a call between Smith and an alleged co-conspirator where the two stated that one of Smith's co-conspirators was the one leading the pack and was throwing innocent people, like Smith, under the bus. (*Id.* at 24.) Ultimately, after review of Smith's petition, the Minnesota Supreme Court affirmed the trial court's decision to deny the motion for a continuance. *Smith*, 932 N.W.2d at 272.

## II. PROCEDURAL HISTORY

Smith petitioned the Court for a writ of habeas corpus arguing that the prosecution's late disclosure of the recordings constituted a denial of access to

exculpatory or favorable evidence in violation of the rule established in *Brady*, 373 U.S. 83. (Supp. Memo. Pet., May 12, 2021, Docket No. 34.) The State asserted that Smith did not adequately raise a *Brady* claim in state court and therefore the issue was not preserved for review at the federal level. (Resp. Mem. at 1, June 25, 2021, Docket No. 41.) The Magistrate Judge determined that Smith did present his *Brady* claim to the Minnesota Supreme Court, and that the record was insufficient to support a decision on the merits of the Petition. (Mag. Judge's Order, at 12–14, Sept. 17, 2021, Docket No. 42.) The Magistrate Judge ordered the parties to submit further documents, evidence, and supplemental briefing. (*Id.* at 14.) Pursuant to Local Rule 72.2, the State objected to the Order, arguing that the Magistrate Judge erred by: (1) concluding that Smith had fairly presented a *Brady* claim to state court; (2) ignoring the Minnesota Supreme Court's determination that Smith failed to show he was prejudiced by the late disclosure of the evidence; and (3) requiring disclosure of the written transcripts and digital recordings of the jail calls in violation of *Pinholster*. (Resp't Obj., Oct. 1, 2021, Docket No. 43).

## DISCUSSION

### I. STANDARD OF REVIEW

The standard of review on an objection to a magistrate judge's order depends on whether that order is dispositive. The district court reviews a magistrate judge's dispositive decisions *de novo*, while it reviews non-dispositive rulings for clear error. *See* Fed. R. Civ. P. 72. In determining whether a ruling is dispositive, Rule 72 "permits the

courts to reach commonsense decisions rather than becoming mired in a game of labels." *E.E.O.C. v. Schwan's Home Serv.*, 707 F. Supp. 2d 980, 988 (D. Minn. 2010) (quoting Charles A. Wright, Arthur Miller, & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 3068, at 338 (1997)). "Courts typically consider 'the impact on the merits of the case in deciding whether [the motion] should be characterized as dispositive.'" *Id.* (quoting Wright & Miller § 3068, at 345). An order that resolves a claim, defense, or action is dispositive and subject to *de novo* review. *Id.* (quoting Wright & Miller § 3068, at 321–22).

Here, the Magistrate Judge found that Smith had presented a *Brady* claim to the state court. (Mag. Judge Order, at 12). But the Magistrate Judge did not make a recommendation on the Petition itself, instead he ordered the parties to submit further evidence, documents, and supplemental briefing. (Mag. Judge Order, at 14.) This order does not resolve Smith's claims presented in his Petition. Any forthcoming final recommendation will be dispositive and will therefore be reviewed *de novo*. In contrast, the Magistrate Judge's current order only requires the parties to submit documents, evidence, and supplemental briefing and, therefore, the order is not dispositive, and the Court reviews for clear error.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's review of the Petition. Habeas review is "limited to deciding whether a conviction

violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.") On habeas review, a federal court should not "reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 68.

In particular, Smith's claim is reviewed under 28 U.S.C. § 2254, which states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A state court decision is 'contrary to' clearly established federal law if it reaches a conclusion opposite that of the Supreme Court on a question of law, or reaches a decision contrary to the Supreme Court on materially indistinguishable facts." *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012).

Before bringing a federal claim for relief under § 2254, a petitioner must exhaust that claim before the state courts. *Murphy v. King*, 652 F.3d 845, 848 (8th Cir. 2011)

(citation omitted); *see also* 28 U.S.C. § 2254(b)(1). A claim is not exhausted unless it was fairly presented in one complete round of a state's appellate review process. *Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009). To fairly present a claim, the petitioner must present both the factual and legal premises of the claim to the state court. *Dansby v. Hobbs*, 766 F.3d 809, 823 (8th Cir. 2014).

A petitioner's claim will generally be procedurally defaulted if the petitioner does not present it in state court. *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999). Once defaulted, federal habeas review "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The constitutional claim at issue here is whether Smith's due process rights were violated under *Brady*. *Brady* held that the prosecution's failure to disclose evidence that is both favorable to the accused and material either to the accused's guilt or punishment violates due process. 373 U.S. at 87; *see also United States v. Kime*, 99 F.3d 870, 882 (8th Cir. 1996). Thus, for Smith to properly pursue the Petition, he must demonstrate that he fairly presented the *Brady* violation to a state court.

**A. Exhaustion of State Court Remedies**

The Magistrate Judge determined, and the parties agree, that Smith presented the factual basis for his *Brady* claim by informing the Minnesota Supreme Court of the burden

placed upon Smith's attorney when the prosecutors failed to turn over the call recordings in a timely manner. (Mag. Judge's Order, at 8; Resp't Obj., at 5.) The Magistrate Judge also concluded that Smith adequately presented the legal premises of his *Brady* claim to the state court. (Mag. Judge's Order, at 9.) The State asserts that conclusion was in error. (Resp't Obj., at 6.)

The Magistrate Judge concluded that petitioner presented the legal premise of his *Brady* claim in two ways: (1) by specifically mentioning that he believed the recordings may contain *Brady* material that he did not have time to investigate; and (2) by arguing that the prosecution's failure to timely disclose the recordings was a violation of Minnesota Rule of Criminal Procedure 9.01 which incorporates the *Brady* rule. (Mag. Judge's Order, at 9–12.)

The State asserts that merely mentioning *Brady* is not sufficient to present a *Brady* claim. But, as the Magistrate Judge made clear, the Eighth Circuit has found that specific citation to *Brady* is not required to present a *Brady* claim. *Odem v. Hopkins*, 192 F.3d 772, 776 (8th Cir. 1999). Additionally, petitioners are not required to present a claim for habeas relief in the exact manner it was presented in state court. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (holding that the exhaustion requirement does not require the respondent to have cited "book and verse on the federal constitution" in state court). A petitioner has presented a sufficient legal basis for a *Brady* claim in state court if it is alleged that the prosecution failed to adequately turn over exculpatory evidence. *Odem*, 192 F.3d at 775.

This is the case even if that allegation was solely presented in support of a non-*Brady* claim, such as the fair trial claim here. *Id.* (holding the petitioner adequately raised a *Brady* claim in state court though he brought an action for ineffective assistance of counsel).

The Magistrate Judge correctly stated the law in the Eighth Circuit. He then correctly concluded that Smith's direct mention of *Brady* and argument that his defense was impaired by the prosecution's late disclosure of the jail call recordings was sufficient to present a *Brady* claim under Eighth Circuit law. As such, the Magistrate Judge did not clearly err in finding that petitioner presented the legal premise of a *Brady* claim.

### B. Merits of the *Brady* Claim

Once a determination has been made that the state court remedies have been exhausted, the next step is to determine whether the state court made a decision on the merits. 28 U.S.C. § 2254(d). If a claim was adjudicated on the merits, the habeas petition cannot be granted unless the adjudication of the claim: (1) was contrary to or involved an unreasonable application of federal law; or (2) was based on an unreasonable determination of the facts. *Id.*

The Magistrate Judge found that the Minnesota Supreme Court reached the merits of the petitioner's *Brady* claim but determined that the required analysis under § 2554(d) could not be completed on the record currently before the Court. The Magistrate Judge, therefore, requested that the parties supplement the record before proceeding.

Nonetheless, the State asserts that the Magistrate Judge erred by "ignoring" the Minnesota Supreme Court's holding that Smith failed to establish that the recordings were admissible at trial and that this ruling from the Minnesota Supreme Court is entitled deference. The State's objection is premature as the Magistrate Judge has yet to reach the merits of the Petition, which likely will involve a review of the ruling from the Minnesota Supreme Court and whether it is entitled to deference. Therefore, the Court cannot find, at this time, that the Magistrate Judge was in clear error by not addressing whether Smith was prejudiced by the late disclosure of calls. Upon supplementation of the record, the Magistrate Judge will consider this issue and the parties can properly raise their arguments on the issue at that time.

### C. Constitutionality of Order to Supplement Record Under *Cullen v. Pinholster*

In *Cullen v. Pinholster* the United States' Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. 170, 181 (2011). The State argues, that the Magistrate Judge's order to supplement the record with a digital recording and a written transcript of the full phone recordings violates the *Pinholster* rule.

The *Pinholster* Court found § 2254(d)(1)'s "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.* at 182. The Supreme Court held that it would be contrary to the deference due to state court decisions to "allow a petitioner to overcome an adverse state-court decision with new evidence

introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." *Id.*

Smith contends that *Pinholster* does not apply in this circumstance. The *Pinholster* Court noted that a diligent defendant who is prevented from admitting evidence to the record due to a *Brady* violation may not be prevented from supplementing the record in their federal habeas proceeding. *Id.* at 186 n.10.; *Id.* at 212, 213 n.5 (Sotomayor, J., dissenting in part).

Smith contends, and the Court agrees, that the Magistrate Judge's Order is constitutional because Smith was denied the opportunity to enter the telephone recordings into the record because he could not review the all the calls due to the trial court denying his motion to continue the trial. Smith points to two Fifth Circuit cases to support this argument—*Smith v. Cain* and *Blue v. Thaler*.

In *Smith v. Cain*, the district court found that the underlying state court adjudication on the merits was contrary to federal law, and ordered an evidentiary hearing to remedy that wrong. 708 F.3d 628, 634 (5th Cir. 2013). In *Blue v. Thaler*, the Fifth Circuit reasoned that a district court can supplement the record if the state court dismissed an *Atkins* claim without giving the petitioner an opportunity to develop their claims, because the state court has "run afoul of the Due Process Clause, and the due process violation constitutes an unreasonable application of clearly established federal law." 665 F.3d 647, 656 (5th Cir. 2011) (finding that the state court had not acted contrary

to federal law so there was no reason to supplement the record). Here, the Smith did not bring a motion for violation of his *Brady* rights before the state trial court, but by denying Smith's motion to continue the trial the State Court may have effectively circumscribed Smith's ability to bring a *Brady* motion and vindicate his constitutional rights. Therefore, the Magistrate Judge's order does not violate the *Pinholster* rule, but the *Pinholster* case does suggest moving forward with caution.

**CONCLUSION**

The Magistrate Judge did not err by ordering the parties to present further documents and briefing on whether the Minnesota Supreme Court's findings on the merits of Smith's *Brady* claim was consistent with clearly established federal law. Moreover, the *Pinholster* rule does not prevent the Court from ordering the parties to supplement the record with the full jail calls in light of the circumstances here. Therefore, the Court will overrule the State's objections and affirm the Magistrate Judge's order.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the State's Objection [Docket No. 43] is set aside, the Magistrate Judge's Order [Docket No. 42] is **AFFIRMED.**

DATED: August 2, 2022
at Minneapolis, Minnesota.

John R. Tunheim
______________________________
JOHN R. TUNHEIM
United States District Judge